*J. D. Ball & I. Knowles, Jr.*, for the plaintiff.

*A. A. Ranney*, for the defendant.

---

### Edwin R. Brown *vs.* Gilbert Cummings.

In an action for an assault and battery, the plaintiff cannot be allowed, for the purpose of showing special damages, to prove that by reason thereof he lost a position to which he was about to be appointed, although the declaration contains averments to that effect.

The admission of material, incompetent evidence, under objection, is ground for a new trial, although neither court nor counsel alluded to it afterwards, in the course of the trial.

TORT for an assault and battery, with an allegation that by reason thereof the plaintiff lost a position as surgeon's mate in the navy, to which he was about to be appointed.

At the trial in the superior court, before *Ames*, J., the plaintiff was permitted, against the defendant's objection, to testify that before the assault and battery complained of he had made an application for the position of surgeon's mate; but that, being disabled by the assault and battery, for that reason he had soon afterwards withdrawn his application. He made no further attempt to show that he had lost the situation, and this evidence was not afterwards referred to by the counsel of either party, or by the court. The evidence of the plaintiff tended to show that the assault was of an unprovoked and aggravated character; and the defence proceeded wholly on the ground that the evidence

on which the plaintiff relied was untrue, and that the defendant had committed no assault and battery whatever.

The jury returned a verdict for the plaintiff, with damages in the sum of $100 ; and the defendant alleged exceptions.

*N. Morse*, for the defendant, cited Sedgwick on Damages, (3d ed.) 86 ; 2 Greenl. Ev. § 256 ; 2 Smith's Lead. Cas. 465 ; *Boyce* v. *Bayliffe*, 1 Camp. 58.

*P. P. Todd*, for the plaintiff.

CHAPMAN, J. The question presented by the bill of exceptions is, whether the evidence objected to ought to have been rejected. If the plaintiff had a right, under his declaration, to prove the loss of the office of surgeon's mate as consequential damages, then the evidence was properly admitted ; because it was pertinent evidence on that point, though it was obviously insufficient without proof of additional facts.

The rule of law is, that where special damages are not alleged in the declaration, the plaintiff can prove only such damages as are the necessary as well as proximate result of the act complained of ; but where they are alleged, they may be proved so far as they are the proximate, though not the necessary result. 1 Chit. Pl. (6th ed.) 441. 2 Greenl. Ev. § 256. *Dickinson* v. *Boyle*, 17 Pick. 78. As the declaration in this case alleges the loss of the office as special damage, the evidence was admissible, if the loss can be regarded as a proximate result of the assault and battery. So far as we have been able to find authorities on the point, (for none were cited on behalf of the plaintiff,) they tend to show that it was not proximate, but remote. In *Boyce* v. *Bayliffe*, 1 Camp. 58, it is said to have been held that, in an action for false imprisonment, with an allegation that the plaintiff thereby lost a lieutenancy, he could not recover for the loss because it was remote. In 1 Chit. Pl. 440, the same rule of law is stated. In *Moore* v. *Adam*, 2 Chit. R. 198, which was an action for assault and battery, with an allegation of special damage, the plaintiff offered to prove that, in consequence of the blows given to him by the defendant, he had been driven from Alicant, where he had before carried on trade as a merchant. This was held to be too remote.

These authorities seem to us to be in conformity with the principle stated above. We do not see how the loss of an office can be proximately connected with an assault and battery as its cause. There must be intervening events which make the connection more or less remote ; and it is difficult to see how the result can happen without the addition of independent causes also. It is somewhat like the case of a merchant who should offer to prove that, in consequence of an assault and battery, he was unable to go to his store, and thereby lost the opportunity to close a particular bargain which would have been profitable ; or of a farmer who should offer to prove that in consequence of such an act he was unable to gather in his crop of grain, and thereby lost it. In the present case, one of the intervening causes of the loss of the office appears to have been a voluntary act of the plaintiff's own will, and there must also have been the concurrent voluntary acts of other men. The evidence ought therefore to have been excluded.

Although this evidence was not noticed by counsel on either side in addressing the jury, or by the court in instructing them, yet it is impossible to know that it had no effect upon their verdict. After it had been admitted, against the objection of the defendant's counsel, the jury had a right to regard it as legal and material, unless they were afterwards instructed to disregard it. *Exceptions sustained.*